UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

ANTONIO BROWN,

    Petitioner,

v.                                                 CIVIL ACTION NO. 5:24-cv-00535

FCI BECKLEY WARDEN,

    Respondent.

**ORDER**

Pending is Respondent FCI Beckley Warden's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 8], filed November 13, 2024. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on May 28, 2025. [Doc. 13]. Magistrate Judge Aboulhosn recommended that the Court grant Respondent's Motion and remove the matter from the Court's docket inasmuch as Mr. Brown failed to exhaust administrative remedies prior to filing his Petition. [*Id.* at 11]. Magistrate Judge Aboulhosn further found that the merits of Mr. Brown's claim also fail inasmuch 18 U.S.C. § 3624(g)(1) "explicitly prohibits the BOP from applying FSA credit unless an inmate has a minimum or low-risk recidivism scores" and that Mr. Brown has not indicated he "successfully petitioned the Warden for approval of transfer to prerelease custody or supervised release." [*Id.* at 17–18]. On June 16, 2025, the Court received Mr. Brown's objections [Doc. 14] to Magistrate Judge Aboulhosn's PF&R, in which he reasserted his claims.

## II.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989).

"Importantly, objections need not be novel to be sufficiently specific." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). "[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "If the grounds for objection are clear, district court judges must consider them de novo, or else run afoul of both § 636(b)(1) and Article III." *Elijah*, 66 F.4th at 460. Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## III.

On June 16, 2025, Mr. Brown filed a Motion in Response to Respondent's Order to Show Cause. [ECF 14]. The Court construes this Motion as objections to the PF&R inasmuch as it was filed after the PF&R's entry.

Mr. Brown alleges that the Court should waive the exhaustion requirement inasmuch as the remedy provided would be futile. [*Id.* at 2]. He further alleges the Bureau of Prisons is misinterpreting the First Step Act statutes and unlawfully denying to apply his earned time credits. [*Id.* at 3]. Accordingly, Mr. Brown simply recites various legal principles relating to his allegations and does not direct the Court to any specific error to Magistrate Judge Aboulhosn's PF&R. Therefore, Magistrate Judge Aboulhosn's analysis is unblemished.

Accordingly, the Court **ADOPTS** the PF&R [**ECF 37**], **GRANTS** Respondent's Motion to Dismiss [**ECF 19**], **DISMISSES** the Petition for Writ of Habeas Corpus [**ECF 1**], and **DISMISSES** the matter.

The Court **DIRECTS** the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER:   July 23, 2025

Frank W. Volk
Chief United States District Judge

3